UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**DELVON LAMAR WILLIAMS,**          :
                                                     **CIVIL ACTION NO. 3:20-0737**
           **Plaintiff**          :
                                                      **(JUDGE MANNION)**
            **v.**                :

**DR. S. HOEY,** *et al.*,          :

          **Defendants**       :

### MEMORANDUM

Presently before the Court is Defendants' unopposed motion to dismiss the above captioned action for lack of personal jurisdiction and because venue is not proper in the United States District Court for the Middle District of Pennsylvania. (Doc. 16). For the reasons set forth below, the motion will be granted.

**I.   Background**

On May 5, 2020, Plaintiff, an inmate confined in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), Minersville, Pennsylvania, filed the

above captioned Bivens[1] action, alleging that on March 2, 2018, while confined in the Williamsburg Federal Correctional Institution ("FCI-Williamsburg"), Salters, South Carolina, he was prescribed and given a lethal dose of a seizure medication, Phenytoin, which caused him to experience a near death episode that required him to spend four days hospitalized in a detox treatment facility. (Doc. 1, complaint). Each of the named Defendants are employed at either FCI-Williamsburg, the Southeast Regional Office in Atlanta, Georgia or the Office of General Counsel in Washington, D.C. Id. Plaintiff further alleges that on May 14, 2018, he was admitted to the Williamsburg Regional Hospital due to Dilantin toxicity, seizures continuing and Gingival Hyperplasia from the Dilantin. Id. His complaint does not include a prayer for relief. Id.

## II. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.388 (1971)

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at

210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

### A. **Personal Jurisdiction**

A court may assert personal jurisdiction over a non-resident to the extent permitted by the law of the state in which the court is located. Fed. R. Civ. P. 4(k)(1)(a). Pennsylvania's long-arm statute permits a court to exercise jurisdiction over non-resident defendants "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." O'Connor v. Sandy Lane Hotel, 496 F.3d 312, 316 (3d Cir. 2007) (citing 42 Pa. Cons. Stat. Ann. § 5322(b)); see also Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992).  Therefore, in determining whether personal jurisdiction exists, the court looks to whether, under the Due Process Clause, the defendants have 'certain minimum contact with ... [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Sandy Lane Hotel, 496 F.3d at 316 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Plaintiff bears the burden of proving personal jurisdiction. Sandy Lane Hotel, Ltd., 496 F.3d at 316 (citing General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)).

The face of Plaintiff's complaint reveals that none of actions complained of occurred at Plaintiff's present place of confinement, SCI-Schuylkill, and none of the named Defendants reside in Pennsylvania. Nor does Plaintiff cite to any ties Defendants may have with Pennsylvania. Thus, it is apparent from the face of the complaint that this Court lacks personal jurisdiction over the Defendants. Plaintiff does not refute this.

### B. Venue

A claim brought as a Bivens action may be brought only in (1) a judicial district where any defendant resides, if all reside in the same state, (2) where "a substantial part" of the events or omissions giving rise to the claim occurred, or (3) a district which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. §1391(b). In this case, venue is not proper in the Middle District of Pennsylvania, as the claim arose while Plaintiff was confined at FCI-Williamsburg, which is located within the jurisdictional boundaries of South Carolina. Thus, based on the face of the Complaint, the Defendants are

located in South Carolina and not Pennsylvania. Plaintiff does not refute this. As such, the complaint will be dismissed.

### III. Conclusion

For the reasons set forth above, the Court will grant Defendants' motion to dismiss for lack of jurisdiction. (Doc.16). A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 8, 2020**
20-0737-01